■ ALMAR REALTY CORP., Respondent, v. SOCKOLOF BROS., INC., Appellant. (Action No. 1.) SOCKOLOF BROS., INC., Appellant, v. ALMAR REALTY CORP., Respondent. (Action No. 2.)

No opinion. Christ, P. J., Munder and Latham, JJ., concur; Martuscello and Benjamin, JJ., dissent and vote to reverse the judgment and grant judgment to appellant reforming the lease between it and respondent and dismissing action No. 1, with the following memorandum: In 1965 appellant leased an existing warehouse from Highland Operating Corp., a corporation owned by the principals of respondent. That lease contained a "stop-tax" clause. Early in 1966 appellant leased from respondent part of a warehouse then under construction. At appellant's request, its attorney included in this new lease a "stop-tax" clause patterned after the one in its 1965 lease of the other, existing warehouse. This "stop-tax" clause provided that the lessee was to pay "any and all increase in town, school and village taxes assessed against the building and land * * * above the base period" of 1966 for the town tax and 1966/67 for the school and village taxes. Apparently because the building was still under construction during the assessing period, it was not assessed for the 1966 town tax or the 1966/67 school tax and was only partly assessed for the village 1966/67 tax. The fact that the building had almost completely escaped taxation during that period (the "base period" mentioned in the lease) was undisputedly unknown to appellant and its attorney; and on the most reasonable interpretation of this record it appears to have been similarly unknown to respondent. Apart from the testimony, this is made clear by the precise language of the lease, which requires the lessee to pay any and all "*increase*" in the taxes assessed against "*the building* and land" above those assessed for the base period (emphasis supplied). As there were *no* town or school taxes on the building for the base period and for that period the property was assessed as vacant land, the full taxes levied on the building for the following tax year could not have constituted an "increase" in the taxes on the building, but instead were original or initial taxes on it. And the same logic would apply to the village taxes, since the village had levied only a partial tax on the building for the base year, because it was then still incomplete, and the first full or normal tax was not levied on it until the next year. In view of the parties' ignorance of the facts, the language used in the lease, the fact that appellant's attorney deliberately patterned the "stop-tax" clause after the one in appellant's previous lease of an existing building, and the other proof in the case, it seems clear that the parties never intended that appellant was to pay *all* of the taxes on the building (which is the effect of the trial court's judgment), but instead was to pay only the later increases over the first full taxes assessed against the building. Hence, appellant was entitled to a judgment reforming the lease to express that intent with precision and clarity. We therefore vote to reverse the judgment and grant judgment for appellant reforming the lease and dismissing respondent's summary proceeding.